UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                              **DECISION AND ORDER**
                                                        10-CR-239S (6)

ADRIAN TRAYLOR,

                Defendant.

On May 22, 2024, this Court granted Defendant Adrian Traylor's motion for a sentence reduction under 18 U.S.C. § 3582 (c)(2) and U.S.S.G. § 1B1.10 based on changes to the United States Sentencing Guidelines that lowered his applicable sentencing range. (Docket Nos. 910, 911.) After finding eligibility undisputed, and after carefully weighing the applicable factors under 18 U.S.C. § 3553 (a), this Court reduced Defendant's sentence from 216 months to 194 months. Id. The government now seeks reconsideration of that decision on the basis that Defendant is statutorily ineligible for the relief granted. (Docket No. 913.) For the reasons below, the government's motion is denied.

Motions for reconsideration brought in criminal cases are assessed under the civil reconsideration standard, since there is no express criminal procedure provision for such motions. See United States v. Larson, No. 07-CR-304S, 2013 WL 6196292, at *2 (W.D.N.Y. Nov. 27, 2013) (collecting cases). Reconsideration is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d

1

Cir. 1992); see also Shrader v. CSZ Trans., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court"); Amerisure Ins. Co. v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, at *1 (W.D.N.Y. Feb. 12, 1998) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)).

The decision whether to grant or deny reconsideration lies in the court's discretion. See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). Parties seeking reconsideration "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." Duane v. Spaulding & Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994) (quoting McDowell Oil Serv. v. Interstate Fire and Cas., 817 F. Supp. 538, 541 (M.D.Pa. 1993)). Motions for reconsideration are not to be used as a means to reargue matters already disposed of by previous rulings or to put forward additional arguments that could have been raised before the decision. See Duane, 1994 WL 494651, at *1. After all, a "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, at *1 (N.D.N.Y. Nov. 10, 1994).

Judged against these well-settled standards, the government fails to state a valid ground for reconsideration: it does not assert an intervening change in controlling law; it does not cite new evidence; it does not allege a need to correct a clear error of law; and it does not establish a need to prevent manifest injustice. Instead, what the government

seeks is to reopen this matter so that it can challenge Defendant's statutory eligibility for relief, a point it previously failed to dispute.  See Government Memorandum of Law, Docket No. 908.  This is not a valid basis for reconsideration.  See Duane, 1994 WL 494651, at *1.  The government had a full and fair opportunity to challenge Defendant's statutory eligibility for relief when it opposed his motion, yet elected not to do so.  Its subsequent reconsideration of its own position is not reason for reconsideration of the prior ruling.   Reconsideration is therefore denied.[1]

    IT HEREBY IS ORDERED, that the government's Motion for Reconsideration (Docket No. 913) is DENIED.

Date:  September 26, 2024
         Buffalo, New York

                          s/William M. Skretny
                          WILLIAM M. SKRETNY
                          United States District Judge

---

[1] In denying reconsideration on this basis, this Court offers no opinion as to the merits of the government's statutory-eligibility arguments.